BOUTIN JONES INC.
Michael E. Chase (SBN 214506)
Bashar Ahmad (SBN 258619)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
Telephone (916) 321-4444
Facsimile (916) 441-7597

Attorneys for Plaintiff
William L. Magers

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. MAGERS,<br><br>      Plaintiff,<br>vs.<br>SUZANNE M. JONES and DOES 1-25,<br><br>      Defendants. | Case No. 2:14-cv-01184-GEB-EFB<br><br>**OPPOSITION TO MOTION OF DEFENDANT SUZANNE M. JONES FOR LEAVE TO FILE COUNTERCLAIMS**<br><br>Date: February 17, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 13th Floor<br>Judge: Hon. Garland E. Burrell, Jr.<br>Date Action Filed: May 15, 2014<br>Trial Date: November 3, 2015 |

I. **INTRODUCTION**

  Plaintiff William L. Magers ("Plaintiff") submits the following opposition to the motion of defendant Suzanne M. Jones ("Defendant") for leave to file counterclaims after expiration of the October 31, 2014 deadline in the Court's Status (Pretrial Scheduling) Order (the "Scheduling Order") dated October 17, 2014.

  Defendant's motion should be denied because the heightened showing of good cause required under Rule 16(b)(4) has not been made. Defendant offers no compelling reason why the proposed new pleading could not have been presented earlier. Defendant clearly knew the alleged facts on which the counterclaims are based at the time of filing the original answer, but did not assert them before the Scheduling Order's deadline. In these circumstances, the liberal policy regarding amendment of pleadings does not apply.

## II. BACKGROUND

Plaintiff filed this action on May 15, 2014. (Docket No. 1.) After several unsuccessful service attempts, Defendant was served with the complaint and summons on September 3, 2014. (Docket No. 9.) On September 30, 2014, Defendant filed an answer to Plaintiff's complaint. (Docket No. 10.) The parties met and conferred and developed a Joint Status Report that was jointly submitted to the Court on October 10, 2014, in advance of the Status (Pretrial Scheduling) Conference scheduled for October 27, 2014. (Docket No. 11.)

In the Joint Status Report, paragraph (a), Defendant stated that she "anticipates filing a cross complaint on or before October 31, 2014." (Docket No. 11, p. 2, ¶ (a).) Based on Defendant's representation, the Court vacated the Status (Pretrial Scheduling) Conference and issued the Scheduling Order. The Scheduling Order provides in relevant part as follows:

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

> Defendant states in the JSR that she "anticipates filing a cross complaint on or before October 31, 2014." (JSR 2:3-4.)
>
> Defendant has until October 31, 2014, to file the referenced pleading.
>
> No further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown.

(Docket No. 12, p. 3.)

The Scheduling Order further provides that all discovery shall be completed by April 30, 2015; that the last hearing date for a motion is June 15, 2015; and that a final pretrial conference is set for August 10, 2015. (Docket No. 12, pp. 3-4.)

Defendant did not file any counterclaims against Plaintiff before the October 31, 2014 deadline, or in the weeks and months that followed. Instead, Defendant's counsel contacted Plaintiff's counsel on <u>December 15, 2014</u> and sought a stipulation permitting Defendant to add eight counterclaims against Plaintiff to her previously filed answer: (1) Recovery of Value of Personal Property; (2) Trespass; (3) Conversion; (4) Trespass to Chattels; (5) Assault; (6) Battery; (7) Violation of Civil Code § 1708.6; and (8) Intentional/Negligent Infliction of Emotional Distress. (See Declaration of Samuel K. Swenson, Docket No. 13-1, ¶¶ 7-8 and **Ex. C**.) All of the purported counterclaims arise from conduct that allegedly occurred from

2

approximately <u>July 2012</u> to <u>February 2013</u>. (See Proposed Counterclaims, Docket No. 13-1, **Ex. B**, pp. 9-19.) Plaintiff's counsel declined to stipulate.

Defendant claims that "good cause" exists to grant the motion because, at the time of the Joint Status Report (October 10, 2014) and the Scheduling Order (October 17, 2014), she and her counsel "did not have all of the facts sufficient to plead the [proposed] counterclaims." Defendant claims that she and her counsel "did not anticipate the length of time it would take" to obtain unspecified documents and information, "despite their best efforts to gather the information before the [October 31, 2014] deadline." (See Defendant's Memorandum of Points and Authorities, Docket No. 13, pp. 1-2.)

### III.   LEGAL STANDARD

Generally, a motion for leave to amend a pleading is evaluated under the liberal standard of Federal Rule of Civil Procedure 15(a)(2). However, once a pretrial scheduling order is in place that sets a deadline for amending—or, in this case, filing—a pleading, no postdeadline amendment or filing is permitted unless the court first modifies the scheduling order. To justify modification, the moving party must satisfy the heightened "good cause" standard of Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." (*In re Western States Wholesale Natural Gas Antitrust Litig.* (9th Cir. 2013) 715 F.3d 716, 737.)

The "good cause" standard of Rule 16 primarily considers the diligence of the party seeking the amendment. (*Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 609; see Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) ["the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"].) Thus the focus of the inquiry is on the moving party: "If that party was not diligent, the inquiry should end." (*Johnson, supra,* 975 F.2d at 609.) Prejudice to the nonmoving party is not required. (*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F.3d 1271, 1295.)

Motions for leave to add new claims are not reviewed favorably when the facts supporting the claims have been known to the party since before the pleading deadline. (*Kaplan*

3

*v. Rose* (9th Cir. 1994) 49 F.3d 1363, 1370; *In re Western States Wholesale Natural Gas Antitrust Litig.* (9th Cir. 2013) 715 F.3d 716, 737 ["The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.]".) The moving party should demonstrate that noncompliance with a Rule 16 deadline occurred "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference," and that she was diligent in seeking amendment of the Rule 16 order once it became apparent that compliance was not possible. (*Hood v. Hartford Life & Acc. Ins. Co.* (E.D. Cal. 2008) 567 F.Supp.2d 1221, 1224.)

If the motion is based on information obtained after the pleading deadline, the moving party must "specify what new and previously unavailable information they obtained that leads them to believe" that a new claim for relief is appropriate. (*Eckert Cold Storage, Inc. v. Behl* (E.D. Cal. 1996) 943 F.Supp. 1230, 1233.)

## IV.   ANALYSIS

In this case, Defendant has failed to show the level of diligence necessary to support a finding of good cause under Rule 16(b)(4). Based on Defendant's own representation that she "anticipates filing a cross complaint on or before October 31, 2014," the Court set a deadline of October 31, 2014 for Defendant to file counterclaims. Defendant clearly contemplated asserting counterclaims against Plaintiff before the Rule 16 conference. She gave no indication that the October 31, 2014 deadline would be difficult to meet.

The counterclaims are unquestionably based on conduct and events that allegedly occurred from approximately July 2012 to February 2013. Presumably these are the same counterclaims that Defendant "anticipated" filing in the Joint Status Report dated October 10, 2014. Yet, in her motion, Defendant points to no specific facts that she could not have alleged before the pleading deadline. She fails to explain what necessary information was contained in "police reports and court documents" that she previously lacked. Presumably the information contained in the police reports was obtained directly from Defendant, given that she herself reported the alleged thefts on December 20, 2012, December 24, 2012 and February 8, 2013.

4

(See Proposed Counterclaims, Docket No. 13-1, **Ex. B**, ¶¶ 20, 28 and 32.)

It is questionable whether obtaining "police reports and court documents" was indeed necessary for Defendant "to plead her counterclaims with sufficient specificity," but even if that were the case, the Rule 16(b)(4) inquiry focuses on diligence. Defendant reasonably should have foreseen or anticipated the issue at the time of the Rule 16 scheduling conference. Defendant's failure to raise the issue or seek modification of the Scheduling Order until December 15, 2014, nearly two months after the Scheduling Order issued, reinforces the conclusion that Defendant has not been diligent.

Finally, Plaintiff will be prejudiced if the motion is granted. In the complaint, Plaintiff seeks relief arising from the loss and/or conversion of property stored at Defendant's residence, which occurred in February 2013. Defendant was served with interrogatories and document requests focused on Plaintiff's claims on November 12, 2014. (Declaration of Bashar Ahmad, ¶ 4.) Defendant served her responses on December 16, 2014. (*Id.*, ¶ 5.) Defendant's proposed counterclaims concern different property and completely different alleged incidents than the incident that is the subject of the complaint and the discovery completed to date. Granting the motion to permit filing of the counterclaims would therefore dramatically increase the issues in this litigation, would require substantial new discovery that may not be completed before the April 30, 2015 deadline, and would likely necessitate an extension of the June 15, 2015 motion deadline and November 3, 2015 trial date. (*Id.*, ¶ 6.)

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's motion for leave to file counterclaims be denied.

Dated: February 3, 2015

BOUTIN JONES INC.
Attorneys at Law

By: ___/s/Bashar Ahmad___
Michael E. Chase
Bashar Ahmad

Attorneys for Plaintiff
William L. Magers