UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM L. MAGERS,

        Plaintiff,

   v.

SUZANNE M. JONES,

        Defendant.

No. 2:14-CV-1184-GEB-EFB

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER AND COUNTERCLAIMS**

       Defendant filed a motion seeking leave to file eight counterclaims sixty-eight days after expiration of the pleading leave period prescribed in the scheduling order filed October 17, 2014. The amended pleading deadline portion of the scheduling order states:

> Defendant states in the [Joint Status Report] . . . that she "anticipates filing a cross complaint on or before October 31, 2014." (JSR 2:3-4.)
>
> Defendant has until October 31, 2014, to file the referenced pleading.
>
> No further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown.

(Status (Pretrial Scheduling) ("Scheduling Order") Order 3:3-9,

1

ECF No. 12.)

Defendant's motion to amend is in essence a de facto motion to amend all dates prescribed in the scheduling order that would have to be amended if Defendant's amended pleading motion is granted: specifically, the April 30, 2015 discovery completion date, the June 15, 2015 last hearing date for motions, and the August 10, 2015 final pretrial conference. (Scheduling Order 3:11; 3:23; 4:2-3.)

Defendant argues her motion should be granted for the following reasons:

> At the time of the Joint Scheduling Report and this Court's order, Defendant and her counsel did not have all of the facts sufficient to plead the counterclaims contained in the [proposed amended pleading]. However, Defendant and her counsel were working diligently to obtain the necessary information and documents, including police reports and court documents from prior proceedings. Defendant and her counsel did not anticipate the length of time it would take to receive the documents and information requested from other institutions, despite their best efforts to gather the information before the deadline. Defendant recently obtained the facts to plead her counterclaims with sufficient specificity to show that Defendant is entitled to relief.

(Mot. 1:26-2:6, ECF No. 13) (citations omitted.)

Plaintiff opposes the motion arguing:

> Defendant offers no compelling reason why the proposed new pleading could not have been presented earlier. Defendant clearly knew the alleged facts on which the counterclaims are based at the time of filing the original answer, but did not assert them before the [s]cheduling [o]rder's deadline.
> Motions for leave to add new claims are not reviewed favorably when the facts supporting the claims have been known to the party since before the pleading deadline . . . . The counterclaims are unquestionably based on

2

> conduct and events that allegedly occurred from approximately July 2012 to February 2013. Presumably these are the same counterclaims that Defendant "anticipated" filing in the Joint Status Report dated October 10, 2014. Yet, in her motion, Defendant points to no specific facts that she could not have alleged before the pleading deadline. She fails to explain what necessary information was contained in "police reports and court documents" that she previously lacked. Presumably the information contained in the police reports was obtained directly from Defendant, given that she herself reported the alleged thefts on December 20, 2012, December 24, 2012 and February 8, 2013. It is questionable whether obtaining "police reports and court documents" was indeed necessary for Defendant "to plead her counterclaims with sufficient specificity," but even if that were the case, the Rule 16(b)(4) inquiry focuses on diligence. Defendant reasonably should have foreseen or anticipated the issue at the time of the Rule 16 scheduling conference. Defendant's failure to raise the issue or seek modification of the Scheduling Order until December 15, 2014, nearly two months after the Scheduling Order issued, reinforces the conclusion that Defendant has not been diligent.

(Opp'n to Mot. 1:24-27; 3:27-28; 4:21-5:8, ECF No. 14.)

Defendant rejoins: "she was not aware of all the facts to support her counterclaims at the time of filing her original answer and . . . . [that the information she obtained] include[s] the details of the" events forming the basis of her counterclaims including "the dates of the alleged events [and] the estimated amounts of . . . stolen property," which are "necessary [for her counterclaims] to survive a Rule 12(b)(6) motion to dismiss," given that she "did not wish to rely solely on her recollection of the events to craft her counterclaims." (Def.'s Reply 3:1-10, ECF No. 15.)

Defendant has not responded to Plaintiff's assertion

3

that Defendant herself is the source of "the information contained in the police reports." (Opp'n 4:26-28.) Defendant failed to state when she first realized she could not file an amended pleading before the deadline expired, failed to explain why she did not seek to amend the scheduling order before she filed her motion sub judice, and failed to "specify what <u>new and previously unavailable information</u> [she] obtained that leads [her] to believe that [her counterclaims]" could not have been filed on or before the pleading amendment deadline. <u>Eckert Cold Storage, Inc. v. Behl</u>, 943 F. Supp. 1230, 1233 (E.D.Cal.1996)(emphasis added).

Since Defendant did not comply with "the [amended pleading] deadline established in the scheduling order, . . . [she is] required to demonstrate 'good cause' pursuant to Federal Rule of Civil Procedure 16, justifying [her] . . . untimely request [for leave to file] . . . an amended pleading." <u>Izaguirre v. Greenwood Motor Lines, Inc.</u>, 523 Fed. App'x. 482, 483 (9th Cir. 2013) (unpublished) (citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608-09 (9th Cir. 1992)).

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . [Federal] Rule [of Civil Procedure] 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

<u>Johnson</u>, 975 F.2d at 609 (citations omitted). Prejudice from a

4

delayed motion to amend "is not required" to deny a motion for leave to file an amended pleading under Rule 16. <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1295 (9th Cir. 2000).

"Careful review of [Defendant's] motion to amend . . . reveals that [she] . . . did not [demonstrate] . . . with any specificity the good cause [she allegedly] . . . had for untimely moving to" file counterclaims after the amended pleading deadline. <u>Smith v. Sch. Bd. of Orange Cnty.</u>, 487 F.3d 1361, 1367 (11th Cir. 2014). Specifically, Defendant fails to explain "what [previously unknown] facts support[] [her counterclaims] . . . and why those facts previously were undiscoverable" or unknown before the amended pleading deadline. <u>Id.</u> Defendant indicates she was aware of certain unspecified facts supporting her counterclaims before the amended pleading deadline and that she "did not wish to rely solely on her recollection of the events to craft her counterclaims;" however, conjecture is required concerning precisely what facts Defendant references and whether she had personal knowledge of the essential facts necessary to plead the counterclaims before the amended pleading deadline expired. (Reply 3:9-10.) "'The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.'" <u>In re W. States Wholesale Natural Gas Antitrust Litig.</u>, 715 F.3d 716, 737 (9th Cir. 2014) (determining the district court's use of this language was not an abuse of discretion); <u>Acri v. International Ass'n of Machinists & Aerospace Workers</u>, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when

5

the facts and theories have been known to the party seeking amendment since the inception of the action.")

Lastly, Defendant's conclusory and unsupported assertions of diligence do not satisfy her burden to demonstrate precisely what she did that she opines constitutes diligence under the circumstances.

Since "the focus of the [the good cause] inquiry is upon the moving party's reasons for seeking modification," and Defendant has not shown non-conclusory facts justifying the amendments to the scheduling order she seeks, she has not established that good cause justifies granting her motion. See Johnson, 975 F.2d at 609 (holding that even "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") Therefore, Defendant's motion is DENIED.

Dated:  February 25, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge