UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. MAGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZANNE M. JONES and DOES 1-25,<br><br>    Defendants. | No. 2:14-cv-01184-GEB-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY FINAL PRETRIAL ORDER** |

On September 4, 2015, Defendant filed a motion to modify the Final Pretrial Order (FPO) under Federal Rule of Civil Procedure ("Rule") 16(e).

**FACTUAL BACKGROUND**

During meet and confer efforts to prepare the Joint Pretrial Statement (JPS), counsel for the parties exchanged various iterations of the JPS in back-and-forth email communications. The parties used red-lined versions of the JPS drafts to track changes. During this back-and-forth, a change was made to one of the undisputed facts which Defendant failed to notice. This change was thus ultimately reflected in the FPO filed on August 5, 2015. Defendant now seeks to undo that change by modifying the FPO to reclassify the fact as disputed.

1

**LEGAL STANDARD**

Rule 16(e) provides, "[t]he court may modify the [final pretrial] order ... only to prevent manifest injustice." Fed.R.Civ.P. 16(e). The moving party bears the burden of demonstrating injustice. Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1988), abrogated on a ground unrelated to the issue herein, (citing Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir. 1987)"[t]he burden of establishing injustice falls squarely on the moving party.")

District courts consider four factors in evaluating a motion to modify a final pretrial order: "(1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998)).

**DISCUSSION**

Defendant has not shown justification under the manifest injustice standard for modification of the FPO. Defendant contends that "there is no prejudice to Plaintiff" which would result from modification of the FPO. (Def. Mot. 4:8, ECF No. 27.) Plaintiff counters that modification of the FPO, as requested by Defendant, "will result in Plaintiff having to offer ... evidence at trial regarding a fact that is clearly not disputed." (Pls.' Opp'n 6:15-16, ECF No. 29.) Plaintiff has presented a portion of Defendant's deposition testimony from

2

which the reasonable inference can be drawn that the fact Defendant seeks to strike was established in that testimony. Further Defendant's "inexcusable neglect" weighs against a finding of manifest injustice. <u>United States v. First Nat'l Bank of Circle</u>, 652 F.2d 882, 887 (9th Cir. 1981). Defendant's counsel admits this requested modification is the direct result of an "inadvertent mistake." (Def. Mot. 1:26, ECF No. 27.) Regardless of whether Defendant received an accurate red-lined version of the JPS draft, Defendant's counsel bore the responsibility to fully proofread the submitted draft and object to any changes made. Nor has Defendant shown she would be prejudiced if her motion is denied or that any other manifest injustice factor favors granting the motion. Thus this motion is denied.

Dated:   September 15, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge