UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. MAGERS,<br><br>        Plaintiff,<br><br>  v.<br><br>SUZANNE M. JONES,<br><br>        Defendant. | No. 2:14-cv-01184-GEB-EFB<br><br>**ORDER SCHEDULING BREIFING ON SUBJECT MATTER JURISDICTION** |

        Defendant Suzanne M. Jones ("Jones") filed a motion with the court on January 8, 2016, in which she sought to judicially bind Plaintiff William L. Magers ("Magers") to an averment that Jones asserts Magers filed in his Bankruptcy Court proceeding, prior to filing the instant lawsuit, in which Magers avers that all of his personal property (including his tools) had a value of no more than $18,597.15. Jones also indicates in his January 8, 2016 court filing, that Magers gave deposition testimony in the instant case from which it could be inferred that Magers knew that the value of his tools were no more than $18,597.15 at the time Magers filed the instant lawsuit.

        Concerning his tools, Magers alleges in his Complaint in the instant lawsuit: "Plaintiff has been damaged not less than $120,000, which represents the fair market value of [t]ools." (Pl.'s Compl. ¶ 16, ECF No. 1.) In his prayer for relief Magers seeks, among other things, to recover the value of his tools from

1

Jones. (Id. at 5:25; 6:2, 10, 15.)

Since it is unclear whether the amount in controversy exceeds $75,000, as Magers alleges in his Complaint, those jurisdictional facts must be proven by "affidavits or other evidence." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In light of this jurisdictional issue, Jones and Magers shall file briefs concerning whether the amount in controversy exceeds $75,000 as follows:

1. Each party shall file a brief on the aforementioned subject matter jurisdiction issue no later than February 22, 2016.
2. Each party may file a reply brief no later than March 7, 2016.
3. A hearing on the jurisdictional matter is scheduled to commence at 10 a.m. on March 10, 2016.

Magers is warned if the evidence provides in the referenced brief fails to prove that the amount in controversy exceeds $75,000, this lawsuit could be dismissed for lack of subject matter jurisdiction. If this lawsuit is dismissed, any statute of limitations applicable to Magers's claims in this lawsuit might bar Magers from pursuing his claims in state court, thereby precluding Magers from obtaining the relief he seeks.

Dated: February 2, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge

2