UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM L. MAGERS,<br><br>        Plaintiff,<br><br>  v.<br><br>SUZANNE M. JONES,<br><br>        Defendant. | No. 2:14-cv-001184-GEB-EFB<br><br>**ORDER DIMISSMISSING ACTION DUE TO LACK OF SUBJECT MATTER JURISDICTION** |

       Defendant Suzanne M. Jones seeks to have Plaintiff William L. Magers judicially estopped from alleging in his diversity subject matter jurisdiction allegation in this lawsuit, a value for tools he previously owned that differs from the $18,597.15 value he averred his personal property had in his earlier filed bankruptcy petition. Defendant argues this estoppel "unequivocally establishes that the value of [P]laintiff's claims in this [federal diversity jurisdiction] case do not . . . meet the jurisdictional limit [required] to establish diversity jurisdiction . . . under [28 U.S.C.] § 1332(a)." (Def.'s Supplemental Br. ("Suppl. Br.") 1:21-25, ECF No. 51.) Plaintiff has not responded to the jurisdictional challenge.[1]

---

[1] On January 8, 2016 Defendant filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) challenging subject matter jurisdiction in this case. (Mot. for J. on the Pleadings, ECF Nos. 41 & 42.) On January 12, 2016, the Court vacated the trial date initially set for this case "[i]n light of the nature of [Defendant's] jurisdictional challenge." (Order Vacating Trial Date, ECF No. 46.) On February 3, 2016 the Court DENIED Defendant's motion on the grounds that Rule 12(c) had not been shown to be the proper motion to decide the jurisdictional issue, (Order Den. J. on the Pleadings, ECF No. 49); and scheduled supplemental briefing on whether subject matter jurisdiction exists over this action, (Order Scheduling Br., ECF No. 50). Defendant subsequently filed a supplemental brief arguing that subject matter jurisdiction is lacking. (Def.'s Supplemental Br. ("Suppl. Br."), ECF No. 51.)

## FACTUAL BACKGROUND

Plaintiff alleges in his complaint filed on May 15, 2014, that after he moved out of Defendant's residence, Defendant denied him access to retrieve tools he inadvertently left there. (Pl.'s Compl. ("Compl.") ¶ 9, ECF No. 1.) Plaintiff alleges Defendant eventually agreed to allow Plaintiff to retrieve his tools but the tools were stolen from Defendant's residence before Plaintiff could retrieve them. (Id. ¶ 12.) Plaintiff further alleges that Defendant is liable for Plaintiff's "damage[s] in an amount not less than $120,000, which represents the fair market value of [Plaintiff's referenced] . . . tools." (Id. ¶ 16.)

## JURISDICTION STANDARD

"Federal courts are courts of limited jurisdiction[; t]hey possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "[A] district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether [a] part[y] raise[s] the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

> A . . . jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By

> contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations omitted). Defendant's jurisdictional argument is factual since she challenges the veracity of Plaintiff's amount in controversy allegation.

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint . . . ." Id. If, as here, "the defendant questions the jurisdiction" of the federal court, the plaintiff "must carry the burden" of establishing jurisdiction. Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 398 (9th Cir. 1944). To establish diversity jurisdiction "the matter in controversy [must] exceed[] the sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a).

### CONSIDERATION OF DOCUMENTS BEYOND THE PLEADINGS

Defendant includes in her jurisdictional argument her request that the Court take judicial notice of Exhibits One through Four, which are attached to Defendant's brief. (ECF Nos. 53-56). (Def.'s Supplemental Req. for Judicial Notice in Supp. of Suppl. Br. ("RJN"), ECF No. 52.) Exhibit One is a "copy of Plaintiff's Chapter 7 Bankruptcy Petition filed in the United States Bankruptcy Court for the Eastern District of California," (id. at 2:14-16.); Exhibit Two is a "copy of salient portions of Plaintiff's Deposition Transcript, dated March 30, 2015[,]" (id. at 2:17-18); Exhibit Three is a "copy of Marysville Plumbing, handwritten Employee Tool Inventory, dated November 2010, which was produced by Plaintiff in response to Defendant's Request for

Production of Documents[,]" (id. at 2:19-22); Exhibit Four is a "copy of [the] Declaration of Custodian of Records from Marysville Plumbing and Building Supply, Inc. in response to Defendant's Subpoena Duces Tecum . . . [that verifies] Plaintiff's employment in 2010 [the year that Plaintiff's Employee Tool Inventory, Exhibit Three, is dated,]" (id. at 2:23-26).

Defendant contends judicial notice of Plaintiff's bankruptcy petition is "proper" since "it is of public record and directly relate[s] to the central issue in this case." (Id. at 2:1-3.) "[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal citation and quotations omitted). Defendant has shown that Plaintiff's bankruptcy petition directly relates to the federal subject matter jurisdiction issue. Therefore judicial notice is taken of Defendant's Exhibit 1.

Defendant also contends judicial notice should be taken of the remaining portions of her request since Plaintiff's prior employment documents, Exhibits Three and Four, were produced in response to Defendant's Request for Production of Documents, and Plaintiff's deposition testimony, Exhibit Two, was given under oath. (RJN 2:4-12.) Defendant has shown that judicial notice should be taken of these documents; therefore, the request is granted.

1 **DISCUSSION**

2 Defendant contends Plaintiff's personal property valuation averment made in his bankruptcy petition should judicially estop Plaintiff from using a different value for said personal property as the basis for satisfying the required diversity subject matter jurisdiction amount in controversy in the instant lawsuit.

"Judicial estoppel . . . precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-01 (9th Cir. 1996).

> The policies underlying preclusion of inconsistent positions are general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings. . . . Judicial estoppel is intended to protect against a litigant playing fast and loose with the courts. . . . Because it is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion.

Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990), cert. denied, 501 U.S. 1260 (1991).

Defendant's evidence shows that when Plaintiff gave deposition testimony in this lawsuit on March 30, 2015, he was asked how he arrived at the $120,000 estimation of the tools' value alleged in his complaint, which supports his diversity subject matter jurisdiction assertion. (Ex. 2—Magers' Depo. 77:18-23, ECF No. 54.) Plaintiff responded, that he arrived at the $120,000 valuation by looking at the "itemized lists" of tools he "submit[ted] to [prior employers]" for insurance

purposes, the "very last" of which "was Marysville Plumbing." (Id. at 77:24-78:16.) Defendant has supplied the Court with the last itemized list that Plaintiff referenced in this deposition testimony, which is a "Handwritten Inventory of Tools" dated November 2010. (Ex. 3 "Employee Tool Inventory", ECF No. 55.) This itemized list evinces that Plaintiff owned the tools at issue in this case at least as early as 2010. Plaintiff alleges these tools were stolen around February 2013. (Compl. ¶ 12.) Defendant has further shown that when Plaintiff filed his bankruptcy petition in November 2011, Plaintiff averred that the **total** value of his personal property at that time was $18,597.15. (Ex. 1 "United States Bankruptcy Court Voluntary Petition" 7, ECF No. 53.) Accordingly, Plaintiff's bankruptcy petition belies the $120,000 tools valuation alleged in the instant lawsuit, which Plaintiff evinces was the value of his tools between November 2010 and February 2013. Further, in Schedule B of Plaintiff's bankruptcy petition, in which Plaintiff itemized his assets at the time of filing, Plaintiff failed to list his tools and marked "NONE" in the tools category. (Id. at 10, 12.)

Therefore, Plaintiff's $120,000 tool valuation, used as the basis for his exceeding the $75,000 amount in controversy requirement in his diversity jurisdiction allegation, is inconsistent with Plaintiff's averment in his bankruptcy petition that the entirety of his personal property amounted to only $18,597.15. In Plaintiff's bankruptcy case, the Bankruptcy Court issued a Discharge of Debtor order in reliance on the truthfulness of the facts asserted by Plaintiff in his bankruptcy case; therefore, Plaintiff is judicially estopped from asserting

incompatible facts concerning valuation of his tools in the instant lawsuit. Since the sole basis of diversity jurisdiction in Plaintiff's complaint is contingent upon his $120,000 tool valuation, which he is now estopped from asserting, the federal court lacks subject matter jurisdiction over this action.

Accordingly, this action is DISMISSED for lack of subject matter jurisdiction.

Dated: May 20, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge